SMITH AND SMITH BUILDING CORPORATION *v.* JOSEPH DeLUCA
(13426)

DUPONT, C. J., and HEIMAN and SCHALLER, Js.

Submitted on briefs November 3, 1994—decision released February 14, 1995

*William A. Phillips* filed a brief for the appellant (defendant).

*Janine M. Becker* and *Daniel Shepro* filed a brief for the appellee (plaintiff).

SCHALLER, J. The defendant appeals from the judgment rendered pursuant to General Statutes § 52-410, granting the plaintiff's application to compel the defendant to proceed with arbitration. The dispositive issue on appeal is whether the trial court properly concluded that no consideration existed for the plaintiff's agreement to nullify the written construction contract. We reverse the judgment of the trial court.

The trial court found the following facts, which were essentially undisputed. The court stated that "[o]n May 3, 1993, the plaintiff and the defendant entered into a construction contract whereby the plaintiff was to construct a home for the defendant. Article VIII of the agreement provided that all disputes arising under the contract were to be resolved by arbitration. The construction work came to be delayed as the defendant decided to hire more and more subcontractors of his own, who caused delays. As a result of the delays, the plaintiff was not being paid. He asked the defendant for partial payment and the defendant agreed. Therefore, the plaintiff presented the defendant with an invoice for a $5000 fee plus additional expenses. The defendant paid the plaintiff the $5000. However, on the bottom of the invoice were written the words 'Contract dated May 3, 1993 null & void' . . . . [W]hen the

defendant paid the plaintiff $5000, the defendant did not offer the plaintiff anything beyond what was already due the plaintiff under the May 3 contract." The court also found that the plaintiff had agreed to nullify the contract.

On the basis of those findings, the trial court determined that there was no new consideration for the agreement to nullify the May 3 contract. The trial court found that the attempted nullification was ineffective and, as a result, the parties remained bound by the arbitration provision. The court granted the plaintiff's application and ordered the parties to proceed with arbitration.

As a threshold matter, we note that " '[a]n order directing the parties to proceed with arbitration is a final judgment from which one can appeal. *Dewart* v. *Northeastern Gas Transmission Co.*, 139 Conn. 512, 514, 95 A.2d 381 (1953).' " *Delio* v. *Earth Garden Florist, Inc.*, 28 Conn. App. 73, 79–80, 609 A.2d 1057 (1992); see also *Success Centers, Inc.* v. *Huntington Learning Centers, Inc.*, 223 Conn. 761, 769, 613 A.2d 1320 (1992). Thus, we have the requisite jurisdiction.

The defendant claims that the parties' nullification of the contract was effective because it was adequately supported by new consideration. The consideration, the defendant contends, consisted of their "mutuality of commitment" to "settle any claims or cross claims that could be made for performance, lack of performance, misfeasance or other transgressions prior to October 1, 1993" and by the mutual extinguishment of rights under the May 3 contract, including the right to arbitrate claims under the contract. The defendant also contends that, in addition to "[t]he wiping out of mutual obligations under the May 3 contract," the $5000 payment that he made in advance of what was called for under the normal payment schedule constituted consideration for the nullification.

The defendant appropriately relies on *Yale Co-operative Corp.* v. *Rogin*, 133 Conn. 563, 567, 53 A.2d 383 (1947), to support his position. In that case, the plaintiff sought an injunction restraining the defendant from using the plaintiff's name or a similar one. In 1941, the parties entered into an agreement that gave the defendant the right to use the plaintiff's name on a dictionary that was to be published by the defendant. No time was fixed for the performance of the agreement. The defendant arranged for the publication of three types of dictionaries in accordance with the agreement, and sold many of them. In February, 1943, "the parties terminated the contract by mutual agreement." Id. The defendant claimed that the trial court improperly found a rescission of the contract.

The Supreme Court rejected the defendant's claim and held that, by virtue of their mutual promises, the parties had effectively rescinded the agreement. "The parties to this contract could as validly agree to rescind it as they could agree to make it originally. *Savage Arms Corporation* v. *United States*, 266 U.S. 217, 45 S. Ct. 30, 69 L. Ed. 253 [1924] . . . . 'Mutual assent to abandon a contract, like mutual assent to form one, may be inferred from the attendant circumstances and conduct of the parties.' . . . The mutual release of obligation under a contract affords sufficient consideration for a rescission." (Citations omitted.) *Yale Cooperative Corp.* v. *Rogin*, supra, 133 Conn. 567–68, citing 6 S. Williston, Contracts (Rev. Ed. 1938) p. 5170.

In that case, the rescission was not explicitly effected by the parties. The Supreme Court determined, therefore, that the issue was whether the subordinate facts found by the trial court validly supported its finding and conclusion that the contract was terminated by mutual agreement of the parties. The court reviewed the facts found and inferences drawn by the trial court

and concluded that the facts and inferences were sufficient to support the trial court's conclusion.

Our Supreme Court's conclusion in *Yale Co-operative Corp.* that parties are free to terminate an agreement by mutual assent has been followed in later cases. "[T]he well-established rule [is] that rescission or abandonment of contracts, like entry into a contractual relation, depends upon the intent of the parties and that the relevant intent is to be inferred from the attendant circumstances and conduct of the parties." (Internal quotation marks omitted.) *Rowe* v. *Cormier*, 189 Conn. 371, 372–73, 456 A.2d 277 (1983); see also *Hess* v. *Dumouchel Paper Co.*, 154 Conn. 343, 347, 225 A.2d 797 (1966); *Gaer Bros., Inc.* v. *Mott*, 147 Conn. 411, 416, 161 A.2d 782 (1960); 2 Restatement (Second), Contracts § 283, comment (a) (1981); 15 S. Williston, Contracts (3d Ed. Jaeger 1972 and 1994 Sup.) § 1826.

Decisions of this court and our Supreme Court concerning the consideration necessary to support modification of contracts are fully consistent with *Yale Co-operative Corp.* v. *Rogin*, supra, 133 Conn. 563. In *Harris Calorific Sales Co.* v. *Manifold Systems, Inc.*, 18 Conn. App. 559, 563–64, 559 A.2d 241 (1989), we held that "[m]utual promises qualify as sufficient consideration for a binding contract. . . . For a valid modification, there must be mutual assent to the meaning and conditions of the modification . . . ." (Citations omitted; internal quotation marks omitted.) In *Manzin* v. *United Bank & Trust Co.*, 6 Conn. App. 513, 516, 506 A.2d 169 (1986), we stated that "[m]utual promises qualify as sufficient consideration for a binding contract." Our Supreme Court, in *Three S. Development Co.* v. *Santore*, 193 Conn. 174, 178, 474 A.2d 795 (1984), concluded that "[i]nherent in the trial court's conclusion was a finding that the parties exchanged mutual promises to postpone the performance of the contract. These mutual promises are sufficient consideration to support the modification."

Those cases make clear that a rescission or nullification of a contract may be effected solely on the basis of an exchange of mutual promises by the parties without other forms of consideration. The plaintiff counters, however, that there was no evidence before the trial court to show that "there was any obligation under the contract left to release." The existence of the present action indicates unmistakably that issues concerning the parties' contractual obligations are unresolved. As the defendant argues, by mutually agreeing to declare the May 3 contract "null and void," the parties were mutually agreeing to relinquish their mutual right to arbitrate disputes arising under the contract.

In contrast to the situation in *Yale Co-operative Corp.*, the nullification of the contract in this case was explicit. At the time of the $5000 payment by the defendant, the parties noted the words, "Contract dated May 3, 1993 null & void," on the invoice submitted by the plaintiff to the defendant. We conclude that the trial court incorrectly concluded that no new consideration existed for the parties' agreement to nullify their May 3, 1993 contract. In this case, the parties' mutual promises were sufficient to constitute a nullification of the contract.

The judgment ordering the parties to proceed with arbitration is reversed and the case is remanded with direction to render judgment denying the application for an order to proceed with arbitration.

In this opinion the other judges concurred.