[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (NO. 101)
The plaintiff, Robert Hayes, brings this action against his insurer, the defendant, American States Insurance Company, to recover for the defendant's alleged breach of the parties' insurance contract. The plaintiff alleges that on May 18 and 21, 1994, he suffered compensable losses as a result of fire and theft. The plaintiff further alleges that the defendant has failed to investigate and pay the plaintiff's claims. CT Page 365
On October 11, 1995, the defendant filed a motion to dismiss the plaintiff's complaint (#101). The defendant moves to dismiss on the ground that the parties' contract contains an appraisal clause which provides that if the parties disagree on the amount of the claimed loss each party should obtain an appraiser and then have an umpire decide the value of the claimed loss. The plaintiff filed an objection to the motion to dismiss, dated November 29, 1995, in which he argues that: (1) the court has subject matter jurisdiction over the action; (2) the arbitration clause in the contract does not make arbitration a condition precedent to this action; and (3) the defendant has failed to make a written demand for arbitration.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Grant v. Bassman,221 Conn. 465, 470, 604 A.2d 814 (1992). "When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." (Citation omitted.) Antinerella v.Rioux, 229 Conn. 479, 489, 642 A.2d 699 (1994).
An appraisal clause in a fire insurance policy constitutes a written agreement to arbitrate within the meaning of General Statutes §§ 52-408 through 52-424. Giulietti v. ConnecticutIns. Placement Facility, 205 Conn. 424, 432, 534 A.2d 213
(1987); Covenant Ins. Co. v. Banks, 177 Conn. 273, 279,413 A.2d 862 (1979); Middlesex Mutual Assurance Co. v. Clinton,38 Conn. App. 555, 564, 662 A.2d 1319 (1995). The court notes that the defendant has failed to attach a copy of the insurance contract as an exhibit to its motion to dismiss, and that both parties have failed to attach any affidavits or other admissible evidence pertinent to the arbitration issue.[1] Without access to a copy of the insurance contract, the court cannot rule on the scope of the agreement to arbitrate, nor can it rule as to whether arbitration is a condition precedent to an action in the superior court. The court further notes that the defendant has failed to submit any evidence with respect to whether it has made a written demand for arbitration or appraisal. CT Page 366
Nevertheless, in the present case, the existence of an arbitration clause does not implicate the court's subject matter jurisdiction. "[W]here [an] insurer seeks judicial assistance to compel a reluctant insured to proceed with appraisal," the appropriate procedure is an application to compel arbitration pursuant to §§ 52-410. Middlesex Mutual Assurance Co. v.Clinton, supra, 38 Conn. App. 569-70.[2]
In the present case, the defendant's remedy is to file an application to compel arbitration. Therefore, the court denies the defendant's motion to dismiss the plaintiff's complaint.
BALLEN, JUDGE