[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #105
The defendant, Preferred Mutual Insurance Co., moves for summary judgment on the grounds the relief sought by the plaintiff, Frederick Germano, is barred by the time-limitation provision of General Statutes § 52-420 and by the doctrine ofres judicata. For the reasons stated below, the motion for summary judgment is granted.
The plaintiff commenced this case by Writ, Summons and Complaint dated October 12, 1995. The plaintiff alleges the defendant had issued an insurance policy to the plaintiff which insured the plaintiff's house against property damage, that the house was damaged by wind, that a dispute arose as to the amount of the damage, that the plaintiff notified the defendant pursuant to, the policy that he wished an appraisal performed, and that the parties executed an appraisal agreement and commenced the CT Page 4332-EEE appraisal process. The plaintiff further alleges that the defendant did not follow the terms of the policy and the appraisal agreement in that the insurance company (1) refused to comply with the plaintiff's request for an umpire chosen by a judge of the Superior Court when the appraisers could not agree and (2) ratified the acts of its appraiser who did not follow the policy. In the first count, the plaintiff claims the defendant breached the contract of insurance when it failed to remedy the alleged "discrepancies." In the second count, the plaintiff claims the appraisal agreement executed by the parties "did not conform to the policy by mutual mistake of, the parties in that it did not provide for an umpire to be chosen by a Superior Court judge in the event of disagreement." For relief, the plaintiff requests the court to reform the appraisal agreement and determine the amount of the loss or, in the alternative, appoint an umpire and instruct the appraisers and umpire to determine the loss.
The defendant has submitted documents in support of its motion for summary judgment. These documents show the following: The insurance policy contains an arbitration clause for determining the amount of a loss when the parties cannot agree. This clause provides that each party will choose an appraiser and that the two appraisers will select an umpire. The clause states "A decision agreed to by any two will set the amount of the loss." On March 20, 1995, the parties executed an "agreement for submission to appraisers." On May 2, 1995, the appraiser for the plaintiff and the appraiser for the defendant executed a "Declaration of Appraisers" and also selected an umpire. On the same day, one appraiser and the umpire determined the loss to be $3,915.00 and signed an "Award" setting forth their findings. The plaintiff received a letter advising him of the award. As of May 10, 1995, he had knowledge of the award. He did not, however, take court action to set aside, vacate or modify the award within thirty days of the award or within thirty days of his knowledge of the award.
The defendant claims the plaintiff has failed to meet the time requirement of § 52-420 (b), which relates to arbitration awards. This section provides "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." The plaintiff, on the other hand, claims the parties' agreement to determine the amount of the loss is not an agreement subject § 52-420 (b). He argues that the agreement is like CT Page 4332-FFF the one construed by the Appellate Court in Jacob v. Seaboard,28 Conn. App. 270, 610 A.2d 189, cert. denied, 223 Conn. 923,614 A.2d 822 (1992). In Jacob, the Appellate Court held that an appraisal clause in an agreement for the sale of stock was not an arbitration clause.
The Supreme Court has stated that an appraisal "clause in the standard form of policy set forth in General Statutes § 38-98 constitutes an agreement to arbitrate and falls within the ambit of our arbitration statutes, General Statutes §§ 42-408
through 52-424." Giulietti v. Connecticut Insurance PlacementFacility, 205 Conn. 424, 432, 534 A.2d 213 (1987); see alsoCovenant Insurance Co. v. Banks, 177 Conn. 273, 279-81,413 A.2d 862 (1979); Middlesex Mutual Assurance Co. v. Clinton,38 Conn. App. 555, 564, 662 A.2d 1319, cert. denied,235 Conn. 922, 666 A.2d 1186 (1995). The appraisal clause in the policy issued to the plaintiff is almost word for word the same as the standard form which is set forth in General Statutes § 38a-307
(formerly § 38-98). This court concludes that the appraisal clause in the plaintiff's policy is an appraisal clause which is governed by § 52-420 (b). Since there is no dispute that the plaintiff has not met the time requirements of § 52-420 (b), the motion for summary for summary judgment must be granted.
The motion for summary is granted.
THIM, JUDGE