[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 22, 1996, the plaintiffs, Erwin and Joan Trojanowski, filed an application to compel the defendant, the Worcester Insurance Company (Worcester), to proceed with an appraisal of the plaintiffs' loss to insured property. The application alleges that the plaintiffs and Worcester executed an insurance contract on May 28, 1992, which provided, among other things, for an appraisal of the value of the plaintiffs' loss in accordance with Section 1, Paragraph 6 of the insurance contract. See Application For Order To Proceed With Appraisal (Application). The application further alleges that the plaintiffs have complied with the requirements under the insurance contract to proceed to appraisal, however, the defendant has neglected and refused to perform the agreement to proceed to appraisal, even though the plaintiffs remain willing and ready to perform.
Attached to the plaintiffs' application as exhibit B is a copy of Section 1, Paragraphs 4-11 of the insurance contract and portions of Section 1, Paragraphs 3 and 12. See Application, Exh. B. Section 1, Paragraph 6 of the insurance policy states: "Appraisal. If [the plaintiffs and Worcester] fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the `residence premises' is located. The appraisers will CT Page 4255-NNN separately set the amount of loss. If the appraisers submit a written report of an agreement to [the defendant], the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss. Each party will: a. Pay its own appraiser; and b. Bear the other expenses of the appraisal and umpire equally." Id., ¶ 6. Section 1, Paragraph 8, also of claimed relevance to the present case, states: "Suit Against [Worcester]. No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of the loss." Id., ¶ 8.
On January 25, 1996, the court, Booth, J., ordered Worcester to appear on February 26, 1996, and show cause, if any there be, why the application should not be granted. On February 26, 1996, at the show cause hearing, the parties appeared before the court and stipulated to the truth of the following facts: On November 20, 1994, the plaintiffs' property was damaged; On November 27, 1995, the plaintiffs filed their request for appraisal with Worcester.
It is significant that at the show cause hearing Worcester did not assert that the damaged property was not covered under the parties' insurance contract. Thus, the court concludes that such is not an issue in this case.
It is also significant that Worcester did not argue that under the insurance contract that the plaintiffs have no right to an appraisal of their loss. Instead, at the show cause hearing, Worcester's only argument as to why the plaintiffs' application should not be granted was that the application is time barred by Section 1, Paragraph 8 of the insurance contract. Worcester claims that Section 1, Paragraph 8 of the insurance contract, drafted in compliance with General Statutes § 38a-307
(formerly § 38-98), limits the time period the plaintiffs are entitled to bring the present application. Worcester further claims that Section 1, Paragraph 8 requires the plaintiffs to commence the present application within 12 months from the date of the loss to the plaintiff's property. Worcester therefore argues that since the plaintiffs commenced the present action on February 5, 1996, over 14 months after the date of the loss to the plaintiffs' property; see Sheriff's Return; the present application is time barred by Section 1, Paragraph 8 and should be denied. CT Page 4255-OOO
In response, the plaintiffs claim that Section 1, Paragraph 8 does not apply to the present application. The plaintiffs argue that Section 1, Paragraph 8 is a contractual clause that limits the time period in which the plaintiffs can commence an action against Worcester. The plaintiffs claim that the present application is not an action against Worcester because arbitration proceedings are not deemed actions. Moreover, the plaintiffs claim that in various situations the parties to an arbitration contract are permitted to seek the assistance of the court, such as in an application to compel arbitration or an application to correct an arbitration award. The plaintiffs argue that resort to the court in these situations does not transform the arbitration proceeding into a full fledged civil action. Thus, the plaintiffs argue that the present application is not an action as contemplated by Section 1, Paragraph 8 of the insurance contract and it is therefore not barred by the time limitation contained therein.
The Connecticut Supreme Court has held that the appraisal clause in the parties' insurance contract, Section 1, Paragraph 6, constitutes an agreement to arbitrate and falls within the ambit of Connecticut's arbitration statutes, §§ 52-408 to 52-424.Covenant Ins. Co. v. Banks, 177 Conn. 273, 279-80,413 A.2d 862 (1979) (reviewing § 38a-307's predecessor, § 38-98);Middlesex Mutual Assurance Co. v. Clinton, 38 Conn. App. 555, 557
n. 2, 662 A.2d 1319 (1995). Hence, the present application is modeled after and brought to this court pursuant to General Statutes § 52-410.[1]
The appellate court has concluded that an application brought pursuant to § 52-410 is not a civil action; Fishman v.Middlesex Assurance Co., 4 Conn. App. 339, 344-47, 494 A.2d 606, cert. denied 197 Conn. 806, 499 A.2d 57 (1985); but is instead a I mechanism that "allows a party to apply to the Superior Court for an order compelling a recalcitrant party to a written agreement for arbitration to proceed with arbitration. Id., 345.[2]
In the present case, Section 1, Paragraph 8 of the parties' insurance contract is a clause that limits the time that the plaintiffs may bring an "action" against Worcester. Section 1, Paragraph 8 does not expressly limit the time that the plaintiffs may request Worcester to proceed with arbitration. Thus, since an application brought pursuant to § 52-410 is not an action; id.; the present application is not barred by Section 1, Paragraph 8 of the parties' insurance contract. CT Page 4255-PPP
Under Section 1, Paragraph 6, the plaintiffs are entitled to demand that Worcester proceed to an appraisal of the value of the plaintiffs' loss. The contract does not specify a time period in which the parties must make their demand for appraisal. If Worcester wanted to limit the time that the plaintiffs could demand an appraisal of their loss, Worcester was free to include such a provision in the appraisal clause when it drafted the insurance contract.
The appraisal clause contemplates an inexpensive procedure to value the damaged property where the issue of liability under the contract is not contested. To read the term "action" in Section 1, Paragraph 8 to bar the present application would thwart the purpose of the appraisal clause and run counter-intuitive to existing caselaw that holds that an arbitration proceeding is not an action.
The court therefore concludes that the present application is not an action as the term is used in Section 1, Paragraph 8. If an insurer wishes to limit the time an insured can demand appraisal, the insurer can so readily provide in its insurance contract. Accordingly, the court grants the plaintiffs' Application For Order To Proceed With Appraisal.