[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO OPEN JUDGMENT
The plaintiff filed this action to compel the defendant to arbitrate a claim arising out of a motor vehicle accident. The form of process utilized by the plaintiff to commence the action included both an Order to show cause and a Form JD-CV-1. The return date on the latter was March 23, 1999. The show cause CT Page 4835 Order, signed by the court, ordered the defendant to appear at a hearing on March 22, 1999, to show cause why the application to compel arbitration should not be granted. A separate summons form, signed by counsel for the plaintiff, also directed the officer who served the legal process to summon the defendant to appear at the show cause hearing on March 22.
The defendant was served through the office of the Insurance Commissioner of the State of Connecticut on March 9, 1999. Counsel for the defendant does not deny that his client received the entire set of papers including the Application to Compel Arbitration and the Order to show cause in a timely manner.
At the show cause hearing on March 22, the defendant failed to appear. The plaintiff by counsel appeared and, in the absence of any opposition, asked the court to grant the application. The court entered an order to proceed with arbitration, but postponed a decision on whom to appoint as an arbitrator.
Thereafter the defendant appeared by counsel and moved to open the judgment, not on the grounds that the defendant did not have notice of the show cause hearing, but that the court had no authority under the statutes and rules governing arbitration proceedings to hold such a show cause hearing. The corporate defendant argues that it was therefore justified in not attending, though it well knew at least five days before the hearing that such a hearing was scheduled. The defendant argues that the inclusion of the JD-CV-1 summons form with a return date of March 23 relieved the defendant of any obligation to appear at the March 22 hearing because under the statute governing mesne process, Conn. Gen. Stat. § 52-84, the court cannot enter a default against a non-appearing defendant until the second day after the return day.
What is so puzzling about this case is that this corporate defendant admits that it had the papers showing that the court intended to entertain the plaintiff's application on March 22 but chose not to attend, relying on the inclusion of the additional summons form as though it were some sort of talisman protecting the defendant from any adverse action the court might take.
As counsel for the plaintiff points out, the Appellate Court has held that the inclusion of the additional printed summons form — the JD-CV-1 — which Conn. P.B. § 8-1 specifies is not applicable to arbitration proceedings does not defeat the ability CT Page 4836 of the court to act provided the rest of the process is in the proper form and is properly served. Middlesex Mutual InsuranceCo. v. Clinton, 38 Conn. App. 555, cert. den., 235 Conn. 922
(1995). Moreover, Conn. Gen. Stat. § 52-410(c) contemplates a speedy procedure and allows the court or judge to hear the matter "at a short calendar session, or as a privileged case, orotherwise, in order to dispose of the case with the least possible delay. . . ."
The procedure utilized in the New Haven Judicial District for speedily assigning such applications provides for a prompt and fair hearing to both sides, and for accurate notice to the defendant about the date and place of the hearing. The defendant who receives notice of such a hearing is free to ignore it but does so at his peril.
The defendant's Motion to Open Judgment is denied. The court schedules a hearing to determine what arbitrator shall be named for Monday, April 26, 1999 at 9:30 a.m. in Courtroom 5-C.
Patty Jenkins Pittman, Judge