[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS (#102)
Before the court is the defendants' motion to dismiss based on claimed defective process. For the following reasons, the court denies the defendants' motion.
 BACKGROUND
The defendants, Kariann Hartson and G.H. Trailers Trailer Parts, argue that the present suit is voidable because the return date upon the summons was improperly changed from a March, 2001 date to April 10, 2001. The plaintiff, Murphy Moving Storage, Inc., argues in opposition that the return date was not changed at all.[1] The court heard oral argument concerning the motion on September 4, 2001. No testimony was presented.
 DISCUSSION
The defendants correctly state that "only the issuing authority can change the return date of a writ": Middlesex Mutual Assurance Co. v.Clinton, 38 Conn. App. 555, 561, 662 A.2d 1319, cert. denied,235 Conn. 922, 666 A.2d 1186 (1995); and that a return date changed by someone other than the issuing authority makes the suit voidable. The documents attached to the motion and to the objection to the motion, however, demonstrate that the return date was never changed.
"A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) Olson v.Accessory Controls Equipment Corp. , 54 Conn. App. 506, 515, 735 A.2d 881
(1999). In its objection, the plaintiff's counsel attached a copy of a letter she sent to the marshal who would serve the complaint. The plaintiff also attached a copy of the original summons that accompanied the letter to the marshal. The copy of the original summons indicates that the date of April 10, 2001 was the original return date. Moreover, the defendants attached a copy of the summons issued to them. Though the summons has a handwritten date on the carbon copy, that date is also April 10, 2001.[2]
 CONCLUSION
The plaintiff has demonstrated that the return date was not changed from April 10, 2001. Accordingly, for the reasons set forth above, the court denies the motion to dismiss. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO CT Page 14290 JUDGE OF THE SUPERIOR COURT