CITY OF MILFORD *v.* ANTHONY ANDRESAKIS ET AL.
(AC 18333)

O'Connell, C. J., and Foti and Sullivan, Js.

Argued January 12—officially released March 30, 1999

*Cynthia C. Anger*, assistant city attorney, for the appellant (plaintiff).

*Thomas W. Bucci*, for the appellees (named defendant et al.).

*Opinion*

FOTI, J. The plaintiff appeals from the judgment of the trial court denying its motion for summary judgment on the defendants' counterclaim.[1] On appeal, the plaintiff claims that the trial court failed to accord res judicata and collateral estoppel effect to a judgment of the United States Court of Appeals for the Second Circuit, which the plaintiff claims bars the defendants' counterclaim alleging negligent misrepresentation. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of this appeal. The plaintiff, the city of Milford, filed an action in state court against the defendants[2] Anthony Andresakis and Gloria Andresakis

[1] Initially, we note that the plaintiff is appealing from the trial court's denial of its motion for summary judgment. On May 6, 1998, the defendants filed a motion to dismiss the plaintiff's appeal for lack of a final judgment. On July 1, 1998, this court denied that motion. The denial of a motion for summary judgment is not ordinarily appealable because it is not a final judgment. See *Connecticut National Bank* v. *Rytman*, 241 Conn. 24, 34, 694 A.2d 1246 (1997). We note, however, that the plaintiff's motion for summary judgment is founded on claims of res judicata and collateral estoppel. In *Convalescent Center of Bloomfield, Inc.* v. *Dept. of Income Maintenance*, 208 Conn. 187, 544 A.2d 604 (1988), our Supreme Court found that a judgment denying a claim of collateral estoppel was a final judgment "ripe for immediate appellate review" because, like the "denial of a criminal defendant's colorable double jeopardy claim," the defense of collateral estoppel "[invokes] the right not to have to go to trial on the merits." Id., 194–95. Appellate review in this case is therefore appropriate.

[2] Several other defendants are named in the plaintiff's complaint and include the South Central Connecticut Regional Water Authority, the United States Small Business Administration, Shawmut Bank Connecticut, National Association and the New England Water Heater Company. These additional defendants were made parties to the action by virtue of their interest in the subject property. None of these parties, however, has appealed. In this

to foreclose liens for unpaid property taxes and for a flood and erosion assessment allegedly owed on the defendants' property in Milford. The defendants filed an answer, asserting special defenses and a counterclaim.

Prior to and throughout the pendency of this state court litigation, the defendants commenced and maintained an action against the plaintiff in federal court alleging certain contract and tort claims. On February 17, 1995, the parties entered into a stipulation of dismissal with prejudice of the federal action in which the plaintiff agreed to pay the defendants $7700. In exchange, the defendants were to execute a full and final release of all claims arising out of the federal action against the plaintiff.

Thereafter, the plaintiff proceeded with its foreclosure action against the defendants' property that, at the time of the federal stipulation of dismissal, was still pending in state court. The defendants then moved to restore their federal court case to the federal docket.[3] The defendants claimed that they entered into the stipulation of dismissal with the plaintiff under the mistaken belief that this settlement precluded the plaintiff from further pursuing its foreclosure action against the defendants' property. The federal District Court denied the defendants' motion, however, finding that the defendants "did not harbor a mistaken belief as to the consequences that the dismissal of [the federal] case would have on the state foreclosure action." Finding that the defendants had "not established grounds to set aside

opinion, we refer to Anthony Andresakis and Gloria Andresakis as the defendants.

[3] The federal court treated the defendants' motion as a motion to vacate the stipulation of dismissal pursuant to rule 60 (b) of the Federal Rules of Civil Procedure, which provides in relevant part that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) *mistake*, inadvertence, surprise, or excusable neglect . . . ." (Emphasis added.)

the dismissal under rule 60 (b) [of the Federal Rules of Civil Procedure]," the federal court denied the defendants' motion.[4] That decision was affirmed on appeal by an unpublished summary order of the Court of Appeals for the Second Circuit.

On December 17, 1996, the defendants filed a request for leave to amend their single count counterclaim against the plaintiff to include a second and third count. The second of those counts alleged negligent misrepresentation against the plaintiff based on assertions allegedly made by the plaintiff in an effort to secure the defendants' stipulation to dismiss the federal court action. Specifically, the defendants alleged that the stipulation of dismissal was based on a misrepresentation by the plaintiff concerning the amount of the delinquency that the defendants owed on their municipal liens. The defendants claim that had they known of the misrepresentation, they would not have settled the federal action for $7700.[5]

---

[1] The federal court noted that "[a] mistake that justifies relief under rule 60 (b) (1) must be mutual . . . and must result from an erroneous impression of fact or an unexpected and unavoidable occurrence which makes the mistake a matter not of carelessness but of unavoidability. . . . Misapprehension as to the legal impact of a judgment does not state grounds for relief under rule 60 (b). . . . A mistake as to the legal impact of dismissal is not excusable neglect that provides a basis for rule 60 (b) relief." (Citations omitted.) Recommended Ruling on Pending Motions, Docket No. 93CV00098 (March 22, 1996), approved and adopted by United States District Court, District of Connecticut (September 26, 1996), aff'd, Summary Order, Docket No. 96-9467, United States Court of Appeals for the Second Circuit (July 9, 1997).

[5] The defendants assert in their counterclaim that the plaintiff had represented to them that the amount of interest the defendants owed the plaintiff because of the defendants' "delinquency in payment of their real estate taxes, as well as the special assessment imposed upon them by the plaintiff, did not exceed" $7700. The defendants assert that the plaintiff should have known that this information was inaccurate. The defendants further assert that it was in reliance on this information that they "agreed to settle their claim for damages against the plaintiff for the amount of $7,700." According to the defendants' affidavit, which they submitted along with their opposition to the plaintiff's motion for summary judgment, they were damaged by this

In response, the plaintiff filed a motion for summary judgment on the grounds of collateral estoppel and res judicata, asserting that the federal courts had already considered the defendants' claim of negligent misrepresentation and rejected it. In response, the defendants argued that the federal courts had not addressed the issue of negligent misrepresentation in denying their rule 60 (b) motion. The defendants asserted that because "[t]he issue of the accuracy of the plaintiff's representation regarding the delinquent interest had not been fully and fairly litigated in the federal court action," issue preclusion and claim preclusion could not apply to the defendants' counterclaim.

The trial court agreed with the defendants and denied the plaintiff's motion for summary judgment.[6] In so doing, it found that "contrary to the [plaintiff's] position, the federal courts did not consider the [defendants'] claim of misrepresentation in its prior rulings. Rather, the courts addressed whether the stipulation of dismissal should be vacated . . . by operation of rule 60 (b) because the [defendants] were justifiably mistaken in their belief that the settlement would not terminate the [plaintiff's] foreclosure action presently before [the state court]. This does not implicate either a claim that has already been decided on the merits (res judicata) or the relitigation of an issue that has been determined in a prior suit (collateral estoppel)."[7] We agree.

purported misrepresentation because after the defendants agreed to settle their claims against the plaintiff for $7700, the plaintiff demanded from the defendants "delinquent interest payments substantially greater than the $7,700 amount it had originally represented was due and owing it."

[6] The plaintiff's motion for summary judgment, which also challenged the first count of the defendants' counterclaim, was granted as to that first count. The defendants, however, did not appeal the partial granting of the plaintiff's motion for summary judgment. The only issue before this court is the plaintiff's appeal of the trial court's denial of its motion for summary judgment on the second count of the defendants' counterclaim.

[7] The trial court, in denying the plaintiff's motion for summary judgment, appears to have relied on the decisions of both the District Court and the

"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Maffucci* v. *Royal Park Ltd. Partnership*, 243 Conn. 552, 554, 707 A.2d 15 (1998); *Bruttomesso* v. *Northeastern Connecticut Sexual Assault Crisis Services, Inc.*, 242 Conn. 1, 5–6, 698 A.2d 795 (1997); see Practice Book § 17-49. In addition, "[b]ecause res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment was the appropriate method for resolving a claim

---

Court of Appeals for the Second Circuit in deciding the possible preclusive effect of the defendants' claim of mistake. This court has also referenced both decisions in reviewing the trial court's judgment. We note that, "[a]s a procedural matter, once the Court of Appeals for the Second Circuit made its own assessment of [a party's] claims and undertook independently to explain its reasoning, which was not identical with that of the District Court, the relevant decision for purposes of issue or claim preclusion necessarily became that of the Second Circuit. Cf. 1 Restatement (Second), Judgments § 27, comment (o), p. 263 (1982)." *Connecticut National Bank* v. *Rytman*, 241 Conn. 24, 39–40, 694 A.2d 1246 (1997). This rule appears to stand in contrast to *Upjohn Co.* v. *Planning & Zoning Commission*, 224 Conn. 82, 616 A.2d 786 (1992), in which our Supreme Court "relied on the opinions of both the District Court and the Second Circuit in determining that a prior federal court litigation collaterally estopped later state court proceedings." *Connecticut National Bank* v. *Rytman*, supra, 39 n.18.

*Upjohn Co.* can be reconciled with the rule announced in *Connecticut National Bank*, however, in that "*Upjohn Co.* involved a District Court judgment that was affirmed, per curiam, by the Circuit Court in an opinion that relied 'substantially [on] the reasons stated' by the District Court." Id., 39–40 n.18. Our Supreme Court explained that "[u]nder those circumstances, it was necessary to refer to the District Court opinion in order properly to consider the pertinent legal issues." Id.

Here, an examination of the Second Circuit's opinion shows that it did not undertake to conduct any independent analysis of the defendants' claim and relied "substantially on the reasons stated" by the District Court in affirming that court's decision. We, therefore, find it "necessary to refer to

of res judicata. *Zizka* v. *Water Pollution Control Authority*, 195 Conn. 682, 687, 490 A.2d 509 (1985)." *Jackson* v. *R. G. Whipple, Inc.*, 225 Conn. 705, 712, 627 A.2d 374 (1993).

" 'Res judicata or claim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit.' " *Virgo* v. *Lyons*, 209 Conn. 497, 501, 551 A.2d 1243 (1988); *Gionfriddo* v. *Gartenhaus Cafe*, 15 Conn. App. 392, 401–402, 546 A.2d 284 (1988), aff'd, 211 Conn. 67, 557 A.2d 540 (1989). " 'Res judicata, or claim preclusion, is distinguishable from collateral estoppel, or issue preclusion. Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim. *Slattery* v. *Maykut*, 176 Conn. 147, 156–57, 405 A.2d 76 (1978). In contrast, collateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim. *DeLaurentis* v. *New Haven*, 220 Conn. 225, 239, 597 A.2d 807 (1991).' *Weiss* v. *Statewide Grievance Committee*, 227 Conn. 802, 818, 633 A.2d 282 (1993)." *Mazziotti* v. *Allstate Ins. Co.*, 240 Conn. 799, 812, 695 A.2d 1010 (1997).

On appeal, the plaintiffs initially argue that the trial court improperly determined that the defendants' counterclaim was not barred by the doctrine of collateral estoppel. We disagree.

"Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action.

---

the District Court opinion in order properly to consider the pertinent legal issues" presently before this court. See id.

. . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been *actually decided* and the decision must have been necessary to the judgment." (Citations omitted; emphasis added; internal quotation marks omitted.) *Aetna Casualty & Surety Co.* v. *Jones*, 220 Conn. 285, 296, 596 A.2d 414 (1991). Furthermore, " '[t]o invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding. [Id., 297].' *Crochiere* v. *Board of Education*, [227 Conn. 333, 345, 630 A.2d 1027 (1993)]." *Mazziotti* v. *Allstate Ins. Co.*, supra, 240 Conn. 812.

Here, the issue raised in the defendants' counterclaim is whether the plaintiff misrepresented to the defendants the amount of interest the defendants owed because of delinquency in payment of their real estate taxes and the special assessment imposed by the plaintiff. An examination of the District Court's decision, as well as the Second Circuit's summary order affirming that decision, discloses that the issue of whether the plaintiff ever misrepresented to the defendants the amount of the interest the defendants owed was not discussed.

The District Court, in ruling on the defendants' motion under rule 60 (b), considered whether the defendants entered into the stipulated judgment while operating under "a mistaken belief as to the consequences that the dismissal of [the federal] case would have on the state foreclosure action." This question concerns the defendants' belief as to the *legal consequences* of the stipulated judgment, not whether the defendants executed that stipulation on the basis of misrepresentations made by the plaintiff concerning the terms of that settlement and suffered a pecuniary loss as a result. See *D'Ulisse-Cupo* v. *Board of Directors of Notre Dame High School*, 202 Conn. 206, 218, 520

A.2d 217 (1987) (one who supplies false information for guidance of others in business transactions subject to liability under theory of negligent misrepresentation for pecuniary loss caused by justifiable reliance on information).

As the defendants correctly argue, therefore, the legal theory that provides the basis for their counterclaim is separate and distinct from the theory on which they proceeded in their motion under rule 60 (b). As a result, the question of whether the defendants could recover under a theory of negligent misrepresentation was not fully and fairly litigated. In short, because the issue of negligent misrepresentation was not before the federal courts, it was not decided. Future litigation of that issue, therefore, is not barred by the doctrine of collateral estoppel.

The plaintiffs alternatively argue that the trial court improperly determined that the defendants' counterclaim was not barred by the doctrine of res judicata.[8] We do not agree.

"[T]he doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support

---

[8] On May 7, 1998, following the trial court's memorandum of decision, the plaintiff filed a motion for articulation of the trial court's decision. The trial court denied this motion on the same date. On May 15, 1998, the plaintiff filed a motion for review with this court. We granted the plaintiff's motion and ordered the trial court "to articulate its decision on the issue of res judicata." On October 30, 1998, the trial court issued its articulation.

of it." (Citations omitted; internal quotation marks omitted.) *Delahunty* v. *Massachusetts Mutual Life Ins. Co.*, 236 Conn. 582, 589, 674 A.2d 1290 (1996).

"[W]e recognize that a decision whether to apply the doctrine of res judicata to claims that have not actually been litigated should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close . . . and the competing interest of [a party] in the vindication of a just claim." (Citation omitted.) Id., 591. "The doctrines of preclusion, however, should be flexible and must give way when their mechanical application would frustrate other social policies based on values equally or more important than the convenience afforded by finality in legal controversies. . . . We review the doctrine of res judicata to emphasize that its purposes must inform the decision to foreclose future litigation. . . . [T]he scope of matters precluded necessarily depends on what has occurred in the former adjudication." (Citation omitted; internal quotation marks omitted.) *State* v. *Ellis*, 197 Conn. 436, 466–67, 497 A.2d 974 (1985), on appeal after remand sub nom. *State* v. *Paradise*, 213 Conn. 388, 567 A.2d 1221 (1990).

As we have discussed, the defendants' claim of negligent misrepresentation was not ruled on by the federal court in denying the defendants' rule 60 (b) motion and, therefore, was not actually litigated. The only way that this claim could be precluded under the doctrine of res judicata, therefore, is if the defendants *could* have litigated their claim in federal court, but failed to do so. Under the doctrine of res judicata "a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim . . . [or any claim based on the same operative facts that] *might have been made*. . . . [T]he appropriate inquiry with respect to [claim] preclusion is whether the party had

an *adequate opportunity to litigate the matter in the earlier proceeding* . . . . *Joe's Pizza, Inc.* v. *Aetna Life & Casualty Co.*, 236 Conn. 863, 871–72, 675 A.2d 441 (1996)." (Emphasis in original; internal quotation marks omitted.) *Connecticut National Bank* v. *Rytman*, 241 Conn. 24, 43–44, 694 A.2d 1246 (1997).

In this regard, the trial court acknowledged in its articulation that were the defendants "attempting in the present action to have the stipulation of dismissal vacated, the fact that the [defendants] *could have* asserted misrepresentation in the rule 60 (b) proceeding might have preclusive effect." (Emphasis added.) Under rule 60 (b), a party may be relieved of a judgment because of the "fraud . . . misrepresentation, or other misconduct of an adverse party . . . ." The trial court pointed out, however, that the defendants do not seek in their counterclaim to have the stipulation of dismissal set aside. Instead, they seek "affirmative relief for damages they allegedly sustained as a result of the [plaintiff's] tortious conduct."

The trial court recognized that the defendants "could not have brought, nor fully and fairly litigated, *a cause of action* in tort for negligent misrepresentation in the federal proceeding on the motion for relief from judgment." (Emphasis in original.) We agree and note that we have been presented with no authority that establishes that a party may seek monetary damages for negligent misrepresentation under rule 60 (b). In fact, relief under rule 60 (b) is equitable in nature. See *C.K.S. Engineers, Inc.* v. *White Mountain Gypsum Co.*, 726 F.2d 1202, 1208 (7th Cir. 1984) (relief under rule 60 (b) essentially equitable in nature and to be administered on equitable principles). Since the defendants did not have "an adequate opportunity to litigate the matter in the earlier [rule 60 (b)] proceeding," their claim of

negligent misrepresentation is not barred by the doctrine of res judicata. *Connecticut National Bank* v. *Rytman*, supra, 241 Conn. 43–44.

In addition, "because there are significant differences between a tort action [for negligent misrepresentation and a claim of misrepresentation under rule 60 (b)], the maintenance of a separate tort action will not subject the courts and the [plaintiff] to the type of piecemeal litigation that the doctrine was intended to prevent." *Delahunty* v. *Massachusetts Mutual Life Ins. Co.*, supra, 236 Conn. 592. The purpose of a tort action "is to redress a legal wrong by an award of damages . . . ." Id. Rule 60 (b), on the other hand, merely "govern[s] post-judgment motions attacking the merits of a district court's decision . . . [and] enables a court to grant relief from a judgment under the particular circumstances listed in the text of the rule." *Russell* v. *Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Therefore, despite the fact that the defendants' motion under rule 60 (b), like their tort claim, could have been based on comparable allegations of the plaintiff's purported misrepresentations, the two actions "lack the duplication that the doctrine of res judicata was aimed at preventing." *Delahunty* v. *Massachusetts Mutual Life Ins. Co.*, supra, 593.

We conclude, therefore, that the trial court properly found that the defendants' counterclaim alleging negligent misrepresentation was not barred by the doctrine of res judicata.

The judgment is affirmed.

In this opinion the other judges concurred.