[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
The plaintiff, John R. Henrie, filed this case in two counts against the defendant, East Haven Builders Supply, Inc., alleging intentional misrepresentation (count one) and negligent misrepresentation (second count). This lawsuit follows a failed application by the plaintiff for a court order to proceed with arbitration pursuant to General Statutes § 52-410.[1] The defendant now moves for summary judgment on the grounds that the plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel. Specifically, the defendant argues that the plaintiff's claims rest on the same events and factual issues on which the plaintiff relied in the arbitration proceeding before Judge Trial Referee Anthony V. DeMayo and that were already litigated and necessarily determined in that proceeding. The parties agree that there are no issues of fact in dispute which relate to the summary judgment motion.
 I
The facts which give rise to the underlying dispute as alleged by the plaintiff are set forth by way of background to the case. The plaintiff owned and operated his own company which provided the services of a chief financial officer to companies that do not employ their own such officer. The plaintiff began providing these services to the defendant on a part-time contract basis in August, 1999. Almost immediately after beginning the assignment, Antonio Rossano, president of the defendant company, extended an offer of full-time employment to the plaintiff. In the discussions that ensued, the plaintiff informed Rossano that he would like to enter into a written employment agreement with the defendant. Rossano asked the plaintiff to draft an employment agreement for his review.
In reliance on Rossano's apparent willingness to continue to discuss the final terms of an employment agreement and to reduce it to writing, the plaintiff contacted the clients of his company and told them that he would no longer be providing services to them. The plaintiff's full-time employment commenced on August 30, 1999. Among other terms, the plaintiff claims that the contemplated written agreement was to contain a provision that his employment with the defendant would not be terminated without "cause" and that any dispute arising out of the employment would be resolved by way of arbitration. The parties went back and forth several times on the terms of the agreement and Rossano never signed it. CT Page 6034
The plaintiff continued to work for the defendant until February 10, 2000, at which time his employment was terminated. During his employment with the defendant, the plaintiff declined a job offer another company. The termination was effectuated without advance notice or statement of cause as specified by the unsigned employment agreement. Following his termination, the plaintiff made a demand for arbitration, arguing that he and the defendant were bound by the terms of the employment agreement to arbitrate any disputes that arose between them. The defendant refused that demand.
In a written memorandum of decision denying the application,[2] Judge DeMayo stated that the issues before him were whether "the parties agreed to arbitrate or, in the alternative, [whether] . . . the defendant made a promise to arbitrate that is enforceable under the doctrine of promissory estoppel." (Memorandum of Decision, p. 3.) Judge DeMayo found that "[t]here is no question that these parties did not sign an agreement to arbitrate. . . ." (Memorandum of Decision, p. 3.) Thus, relying onSawmill Brook Racing Assn., Inc. v. Boston Realty Advisors, Inc.,39 Conn. App. 444, 454, 664 A.2d 819 (1995), the court's inquiry focused on whether the defendant had manifested "clear" assent to arbitrate. (Memorandum of Decision, pp. 3-4.) The court held that there was no basis upon which it could find that the defendant, or Rossano individually, had clearly assented to arbitration. (Memorandum of Decision, p. 4.) As for the promissory estoppel issue, "the court agree[d] with the defendant[3]
that the doctrine of promissory estoppel [was] not applicable in this case . . . (Memorandum of Decision, p. 5.) Nevertheless, despite agreeing with the defendant on this point of law, Judge DeMayo went on to address the issue of whether the plaintiff had established the elements of promissory estoppel, explaining that such will be addressed so that all issues are resolved in this proceeding." (Memorandum of Decision, p. 5.) The court ultimately concluded that the plaintiff had neither established the existence of a clear and definite promise nor reliance. (Memorandum of Decision, pp. 6-7.)
 II
In count one of the present action, the plaintiff claims that the defendant wilfully and intentionally made misrepresentations to the plaintiff regarding the defendant's intention to enter into an employment agreement with the plaintiff. The plaintiff claims that the defendant failed to tell him that it would not enter into such a contract with the plaintiff and that the defendant's conduct misled the plaintiff into believing that the agreement would be signed. In count two, the plaintiff claims that the defendant negligently misrepresented both that it would enter into an agreement with the plaintiff and that the plaintiff could only be terminated for just cause. The plaintiff alleges that the CT Page 6035 defendant knew or should have known that the misrepresentations were false and that the plaintiff relied on these misrepresentations to his detriment.
 III Legal Standard for Summary Judgment
Pursuant to Practice Book § 17-49, a motion for summary judgment shall be granted if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000). Summary judgment is the appropriate method for determining the issues of res judicata and collateral estoppel because they may be dispositive of a claim. Jackson v. R. G. Whipple, Inc., 225 Conn. 705,712, 627 A.2d 374 (1993). The doctrines of res judicata and collateral estoppel "promote judicial economy by preventing relitigation of issues or claims previously resolved." (Internal quotation marks omitted.)Delahunty v. Massachusetts Mutual Life Ins. Co., 236 Conn. 582, 589,674 A.2d 1290 (1996). Both doctrines "express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." (Internal quotation marks omitted.) Jackson v. R. G. Whipple, Inc., supra, 225 Conn. 712. "Res judicata or claim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits." (Internal quotation marks omitted.) Milford v. Andresakis, 52 Conn. App. 454, 460,726 A.2d 1170, cert. denied, 248 Conn. 922, 733 A.2d 845 (1999). Collateral estoppel or issue preclusion, however, "prevents a party from relitigating an issue that has been determined in a prior suit." (Internal quotation marks omitted.) Id.
 IV Res Judicata
The defendant first claims that the plaintiff's action is barred by the doctrine of res judicata. Res judicata "prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Internal quotation marks omitted.) Id., 462-63. The doctrine is only applicable where there has been a final judgment rendered on the merits. See id., 460. "A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose." (Internal quotation marks omitted.) DelahuntyCT Page 6036v. Massachusetts Mutual Life Ins. Co., supra, 236 Conn. 589.
Courts have "adopted a transactional test as a guide to determining whether an action involves the same claim as an earlier action so as to trigger operation of the doctrine of res judicata." (Internal quotation marks omitted.) Id., 590. A judgment in a prior proceeding extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a `transaction,' and what groupings constitute a `series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." (Internal quotation marks omitted.) Id. If the plaintiff was unable to rely on a specific theory or to seek a specific relief or remedy because of formal barriers in a prior proceeding, however, he may bring the same claim in a subsequent proceeding. 1 Restatement (Second), Judgments, Former Adjudication: the Effects of a Judicial Judgment § 26(1)(c) and comment c (1982). Thus, "[t]he appropriate inquiry . . . is whether the party had an adequate opportunity to litigate the matter inthe earlier proceeding. . . ." (Emphasis in original; internal quotation marks omitted.) Milford v. Andresakis, supra, 52 Conn. App. 463-64.
The defendant argues that the plaintiff cannot bring the misrepresentation claims because he litigated the issue of promissory estoppel in the prior action and alleged the same facts in the prior action that he presently alleges. The defendant further argues that, although the prior proceeding should have been confined to the issue of whether the parties were bound to arbitrate, the court allowed the plaintiff to offer evidence on the issue of promissory estoppel. The defendant offers the transcript, the plaintiff's posthearing memorandum in support of the application for a court order to proceed with arbitration, the defendant's posthearing memorandum in opposition to plaintiff's application to compel arbitration and the memorandum of decision to show that the plaintiff's present claims rely on the same transaction as the prior proceeding.
Although the plaintiff's present claims of intentional and negligent misrepresentation arise out of the same transaction as the plaintiff's application to compel arbitration, this analysis is not dispositive of the matter. Because the plaintiff could not have brought the misrepresentation claims in the prior proceeding, the doctrine of res judicata does not bar the present claim. General Statutes § 52-410
provides in relevant part as follows:
CT Page 6037 (a) A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court for the judicial district in which one of the parties resides . . . for an order directing the parties to proceed with the arbitration in compliance with their agreement. The application shall be by writ of summons and complaint, served in the manner provided by law.
 (b) The complaint may be in the following form: "1. On ____, 20__, the plaintiff and the defendant entered into a written agreement for arbitration, of which exhibit A, hereto attached, is a copy. 2. The defendant has neglected and refused to perform the agreement for arbitration, although the plaintiff is ready and willing to perform the agreement. The plaintiff claims an order directing the defendant to proceed with an arbitration in compliance therewith."
 (c) The parties shall be considered as at issue on the allegations of the complaint unless the defendant files answer thereto within five days from the return day, and the court or judge shall . . . dispose of the case with the least possible delay, and shall either grant the order or deny the application, according to the rights of the parties.
The Appellate Court has interpreted the phrase "according to the rights of the parties" to mean "the arbitrability of the dispute. The question of arbitrability entails both whether the parties have agreed to arbitration and what issues in particular are arbitrable." MiddlesexMutual Assurance Co. v. Clinton, 38 Conn. App. 555, 566, 662 A.2d 1319
cert. denied, 235 Conn. 922, 666 A.2d 1186 (1995), cert. denied,517 U.S. 1104, 116 S.Ct. 1320, 124 L.Ed.2d 473 (1996). Therefore, §52-410 merely creates a limited procedure "for an order directing theparties to proceed with arbitration." (Emphasis in original.) SuccessCenters, Inc. v. Huntington Learning Centers, Inc., 223 Conn. 761, 768,613 A.2d 1320 (1992). It does not provide for any litigation or determination of the merits of the issues that the parties are seeking to arbitrate. Accordingly, as defined by § 52-410 and the limits of subject matter jurisdiction specified therein, the only issue before Judge DeMayo was a determination of whether the parties entered into a written arbitration agreement or whether the defendant had manifested its clear assent to arbitration. The court's ruling that the defendant had neither assented by words or conduct nor in fact entered into a contract CT Page 6038 to arbitrate cannot be held to be a ruling on the merits of the plaintiff's present complaint. As such, the defendant is not entitled to summary judgment on the ground of res judicata.
 V Collateral Estoppel
The defendant next argues that the plaintiff is barred by collateral estoppel from bringing this action. This claim also fails.
"Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. . . . Furthermore, [t]o invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding. . . . An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . . If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. Findings on nonessential issues usually have the characteristics of dicta." (Internal quotation marks omitted.) Rosenfield v. Rogin, Nassau, Caplan, Lassman Hirtle, LLC, 69 Conn. App. 151, 154-55, ___ A.2d ___ (2002); see also 1 Restatement (Second), Judgments, Issue Preclusion § 27, comments (d) and (h) (1982). Dicta is not binding on the court.State v. Iverson, 48 Conn. App. 168, 174,708 A.2d 615, cert. denied, 244 Conn. 930,711 A.2d 728 (1998).
Based on the foregoing discussion, in order to prevail on its claim of collateral estoppel, the defendant must show that the claim of misrepresentation was actually litigated and necessarily determined in the prior proceeding. Although the plaintiff was allowed to offer evidence of reliance in connection with his claim of promissory estoppel as it related to whether there was an arbitration agreement between the parties, the claim of misrepresentation was neither properly raised nor fully and fairly litigated in the prior proceeding.[4] The proceeding before Judge DeMayo was limited by the terms of General Statutes §§52-408[5] and 52-410, to a determination of whether the parties were bound to arbitrate any disputes arising out of the plaintiff's employment CT Page 6039 with the defendant.
In addition, contrary to the defendant's argument, although there was evidence presented on the issue of reliance and perhaps arguably some evidence on the issue of misrepresentation, these issues were not necessarily determined in the prior proceeding. As Judge DeMayo himself defined it, the only issue before him was whether the parties had a clear agreement to arbitrate as discussed in Sawmill Brook Racing Assn., Inc.v. Boston Realty Advisors, Inc., supra, 39 Conn. App. 454. (Memorandum of Decision, p. 4.) Once he found there was neither an agreement to arbitrate nor clear assent to arbitrate "by the party to be charged," there was no need to address the issues of reliance or whether the plaintiff was misled by Rossano. Therefore, since Judge DeMayo's ensuing discussion of promissory estoppel and reliance were not necessary to a resolution of the issue before him, the discussion of these issues is dicta. (Memorandum of Decision, p. 5.) Since this court is not bound by dicta to follow Judge DeMayo's decision on these issues, the parties are free to relitigate the issue of misrepresentation in the present action.Delahunty v. Massachusetts Mutual Life Ins. Co., supra, 236 Conn. 600. Thus, the defendant has not shown that it is entitled to judgment as a matter of law on the ground of collateral estoppel.
 CONCLUSION
For the foregoing reasons, the defendant's motion for summary judgment on the grounds of res judicata and collateral estoppel denied.
Peck, J.