[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
The plaintiff, Richard Szczapa, filed a two-count complaint on October 2, 2000, against the defendants, United Parcel Service, Inc. (UPS), and Farm Family Mutual Insurance Co. (Farm Family). In count one, the plaintiff seeks uninsured motorist coverage for injuries he sustained while at work for UPS, which is alleged to be self-insured.[1] In count two, the plaintiff seeks uninsured motorist coverage pursuant to his own automobile insurance policy with Farm Family. The claims arise out of an incident on June 7, 1995, while the plaintiff was working on the UPS loading dock in Windsor Locks. He had one foot on the loading dock and one foot on a tractor trailer truck owned by UPS, when an unknown UPS employee moved the tractor trailer away from the loading dock, causing the plaintiff to sustain injuries.
This complaint is the plaintiffs second lawsuit against UPS arising out of this incident. In 1997, he filed a previous complaint alleging that UPS, as the employer of the tortfeasor, is vicariously liable for the negligence that caused his injuries. The plaintiff specifically alleged that UPS was negligent in failing to (a) reasonably control the tractor trailer, (b) give any warning signal before moving the truck from the loading dock, (c) inspect the tractor trailer before moving it from the loading dock, (d) train its employees to determine the location of other employees on the loading dock before a truck is moved, (e) implement policies for safety when vehicles leave loading docks and (f) enforce such policies. The court, Wagner, J., granted UPS' motion to strike that complaint on November 17, 1997, finding that General Statutes § CT Page 882331-293a[2] precluded the plaintiff from recovering for his injuries from his employer based on a claim of vicarious liability. The Appellate Court affirmed this decision on January 11, 2000. Szczapa v. UnitedParcel Service, Inc., 56 Conn. App. 325, 743 A.2d 622, cert. denied,252 Conn. 951, 743 A.2d 299 (2000).
After the Appellate Court affirmed the trial court's decision, the plaintiff filed the present complaint. In its answer to the complaint, UPS has asserted six special defenses alleging that (1) the plaintiffs claim is barred by General Statutes § 31-284 (a),[3] (2) the plaintiff failed to comply with the terms of UPS' uninsured motorist policy, (3) any claims that the plaintiff makes based on UPS' uninsured motorist policy are limited to the policy limits less any credits or payments the plaintiff has already received, (4) the plaintiffs claim is barred by contractual and statutory statutes of limitations, (5) the plaintiff does not qualify for benefits under UPS' uninsured motorist policy, and (6) the plaintiffs claim is barred by the doctrine of res judicata.
UPS has filed a motion for summary judgment as to the first count of the plaintiffs complaint and a memorandum of law in support of its motion on the ground that there is no genuine issue of material fact and that the plaintiffs claim against UPS is barred by the doctrine of res judicata. In particular, UPS argues that the plaintiffs claim against it rests on the same events and factual issues that the plaintiff relied on in the prior proceeding that were decided by Judge Wagner and affirmed by the Appellate Court. In support, UPS submits the earlier complaint alleging vicarious liability (Exhibit A) and Judge Wagner's memorandum of decision granting UPS' motion to strike (Exhibit B). In his opposition memorandum, the plaintiff argues that (1) res judicata does not apply, (2) the plaintiff can recover under the uninsured motorist policy and (3) UPS brought the motion for summary judgment in bad faith.
Pursuant to Practice Book § 17-49, a motion for summary judgment shall be granted if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000). The moving party "has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citation omitted; internal quotation marks omitted.) Id. In order for the motion to be denied, the opposing party must show, through evidence, that a genuine issue of material fact exists. Id. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks CT Page 8824 omitted.) Id.
The defendant argues that the plaintiffs action is barred by the doctrine of res judicata. Res judicata "prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Internal quotation marks omitted.) Milford v. Andresakis, 52 Conn. App. 454, 462-63, 726 A.2d 1170, cert. denied, 248 Conn. 922, 733 A.2d 845 (1999). The doctrine is only applicable where there has been a final judgment rendered on the merits. See id., 460. "A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose." (Internal quotation marks omitted.) Delahunty v. Massachusetts Mutual Life Ins. Co.,236 Conn. 582, 589, 674 A.2d 1290 (1996).
Courts have "adopted a transactional test as a guide to determining whether an action involves the same claim as an earlier action so as to trigger operation of the doctrine of res judicata." (Internal quotation marks omitted.) Id., 590. A judgment in a prior proceeding extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a `transaction,' and what groupings constitute a `series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." (Internal quotation marks omitted.) Id. If the plaintiff was unable to rely on a specific theory or to seek a specific relief or remedy because of formal barriers in a prior proceeding, however, he may bring the same claim in a subsequent proceeding. 1 Restatement (Second), Judgments, Former Adjudication: the Effects of a Judicial Judgment § 26(1)(c) and comment c (1982). Thus, "[t]he appropriate inquiry . . . is whether the party had an adequate opportunity to litigate the matterin the earlier proceeding. . . ." (Emphasis in original; internal quotation marks omitted.) Milford v. Andresakis, supra,52 Conn. App. 463-64.
In the present action, the plaintiff alleges essentially the same facts that he alleged in the prior proceeding. Unlike in the prior proceeding, where the plaintiff alleged that UPS was vicariously liable for the action of the unknown employee, the plaintiff now alleges that UPS is self-insured and therefore must provide coverage to the plaintiff under its own uninsured motorist policy. The plaintiff argues that pursuant to General Statutes § 38a-336 (f),[4] he can recover from UPS' uninsured or underinsured motorist policies even though he received CT Page 8825 workers' compensation.
Section 31-284 states that an employer will not be held liable "for any action for damages on account of personal injury sustained by an employee arising out of and in the course of employment. . . ." Rather, the employer must secure compensation for the employee pursuant to the Workers' Compensation Act. General Statutes § 31-284. Although courts have held that § 31-284 provides the exclusive remedy for employees injured at work, the legislature enacted § 38a-336 (f), allowing employees to recover under their employer's uninsured and underinsured motorist policies. See Conzo v. Aetna Ins. Co., 243 Conn. 677, 680-81,705 A.2d 1020 (1998). An employee, therefore, can be compensated for his injuries by both workers' compensation and his employer's uninsured and underinsured motorist policies. Id. Moreover, regardless of the fact that the employer is self-insured, the employee can still be compensated for his injuries from both sources. Id., 686.
Accordingly, the plaintiff is correct in asserting that an employee may be entitled to uninsured and underinsured motorist benefits from an employer even if it is self-insured. Under the res judicata transactional test, however, the plaintiff is barred from asserting this claim in the present action because it arises out of the same transaction, namely, that he was injured due to an unknown fellow employee's negligence, as his prior lawsuit against UPS. Thus, the plaintiff has already had an adequate opportunity to litigate all claims arising out of this transaction, notwithstanding the fact that he failed to assert this particular legal theory of liability against UPS in the prior lawsuit. Res judicata prevents reassertion of the same claim regardless of what additional or different legal theories might be advanced in support of it. Milford v.Andresakis, supra, 52 Conn. App. 462-63. Further, the plaintiff makes no claim that he was unable to litigate the uninsured or underinsured motorist theory in the prior proceeding.[5]
The plaintiff also argues that res judicata does not apply to the present proceeding because the judgment in the prior proceeding was not a final judgment on the merits. The doctrine of res judicata does not apply unless there has been a final judgment on the merits. Milford v.Andresakis, supra, 52 Conn. App. 460. A decision on a motion to strike is considered a final judgment "(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." (Internal quotation marks omitted.) White v. White,42 Conn. App. 747, 749, 680 A.2d 1368 (1996). Here, the plaintiff did not replead after Judge Wagner granted the motion to strike, but rather allowed judgment to enter and took an appeal. "When a judgment has been rendered on an entire complaint . . . by judgment on the granting of a CT Page 8826 motion to strike . . . such judgment shall constitute a final judgment." Practice Book § 61-2.
It is clear that the motion to strike in the prior proceeding required the trial court to decide the merits of the plaintiffs claim against UPS. Judge Wagner's ruling on the issue of vicarious liability determined as a matter of law that § 31-293 a precluded the plaintiff from recovering. After the court granted the motion to strike, the plaintiff did not replead but rather allowed judgment to be entered against him. As such, the court's decision on the motion to strike was a final judgment on the merits. Thus, the plaintiffs argument that the prior proceeding did not terminate in a final judgment on the merits fails. See Tirozziv. Shelby Ins. Co., supra, 50 Conn. App. 686-87.
Finally, the plaintiff argues that UPS acted in bad faith by filing this motion for summary judgment. The plaintiff contends that UPS misstated the law of res judicata in its supporting memorandum and that UPS has intentionally failed to answer the plaintiffs interrogatories seeking the identity of the unknown driver. The plaintiffs first contention is wholly without merit. As to the second contention, the plaintiffs discovery of the identity of the unknown driver is immaterial to the court's res judicata analysis. The plaintiff could have easily determined what, if any, uninsured and underinsured motorist policy UPS carries, or whether UPS is self-insured by filing standard form interrogatories.[6] In response to the plaintiffs allegation that UPS is self-insured, UPS answered by way of a denial on March 21, 2001. The motion for summary judgment was not filed until January 23, 2002. The plaintiff filed interrogatories and supplemental interrogatories neither of which indicate that he attempted to discover if UPS had insurance and what type of insurance it had.[7] Absent evidence supporting the plaintiffs allegation that UPS is self-insured, which is denied by UPS, the plaintiffs present claim against UPS is nothing more than an attempt to revisit the vicarious liability claim that he asserted in the prior proceeding. Thus, as stated above, the plaintiff is barred by res judicata from bringing this claim.
 CONCLUSION
Accordingly, the defendant's motion for summary judgment as to count one of the plaintiffs complaint is granted.
BY THE COURT
___________________ Peck, J. CT Page 8827