CHARLES STUART *v.* ROSEMARIE STUTTIG ET AL.
(AC 19684)

Landau, Schaller and O'Connell, Js.

Argued January 8—officially released May 1, 2001

*David J. Robertson,* for the appellant (named defendant).

*Brian P. Kraemer,* with whom, on the brief, was *Brenden P. Leydon,* for the appellee (plaintiff).

*Opinion*

SCHALLER, J. In this negligence action, the defendant Rosemarie Stuttig appeals from the judgment of the trial court, rendered after a jury verdict, in favor of the plaintiff, Charles Stuart. The defendant claims on appeal that the court improperly (1) refused to direct the verdict or to render a judgment notwithstanding the verdict in her favor on her special defense of the

statute of limitations that was directed to the plaintiff's negligence count and (2) refused to instruct the jury on apportionment of liability among settled or released parties pursuant to General Statutes § 52-572h (n).[1] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the disposition of this appeal. The plaintiff and the defendant are owners of homes located on land abutting Long Island Sound. On December 11, 1992, during a severe storm, the deck attached to the defendant's home broke away from its foundation, drifted into the Sound and crashed into the plaintiff's seawall and property, resulting in extensive damage. The plaintiff brought this action against the defendant and others,[2] including the Ralph Longo Construction Corporation (Longo), the corporation that constructed the deck, to recover damages to his property. The plaintiff alleged negligence and trespass.

At trial, the plaintiff pursued his case against the defendant alone and withdrew his claims against the other defendants. The defendant filed a motion for a directed verdict on both the negligence and trespass counts. With respect to the negligence count, she alleged that it was barred by the three year statute of limitations contained in General Statutes § 52-584.[3] To

[1] General Statutes § 52-572h (n) provides: "A release, settlement or similar agreement entered into by a claimant and a person discharges that person from all liability for contribution, but it does not discharge any other persons liable upon the same claim unless it so provides. However, the total award of damages is reduced by the amount of the released person's percentage of negligence determined in accordance with subsection (f) of this section."

[2] The other defendants are Ralph Longo Construction Corporation, Grant Casperson, GNH Construction Corporation, Pat M. Pulitano, Bernard Grossfield, William J. Marr and the town of Greenwich. Only the defendant Stuttig is involved in this appeal. We refer in this opinion to Stuttig as the defendant.

[3] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or

support this claim, the defendant relied on her own testimony and an affidavit by Ralph Longo, the vice president of Longo, showing that the deck was completed prior to January 15, 1991. The court granted the motion for a directed verdict on the trespass count, but reserved decision on the statute of limitations issue. The jury returned a verdict in favor of the plaintiff on the negligence count and awarded him $55,000 in damages. Ultimately, the court denied the motion for a directed verdict, as well as the defendant's posttrial motions to set aside the verdict and for judgment notwithstanding the verdict. This appeal followed.

I

The defendant first claims that the court should have directed the verdict in her favor on the plaintiff's negligence claim on the ground that it was barred by the three year statute of limitations in § 52-584. Specifically, the defendant, relying on her own testimony and an affidavit by Ralph Longo, argues that the evidence established that the deck was completed prior to January 15, 1991. Because the plaintiff did not institute this action until December 14, 1994, a date more than three years after the completion of the deck, the defendant contends that a reasonable jury could not have reached a conclusion other than that the statute of limitations barred the negligence claim. The plaintiff, on the other hand, argues that the evidence was in dispute regarding the date on which the deck was completed. Ralph Longo testified that his affidavit may have been inaccurate and that the deck was actually completed at the end of 1991. The plaintiff contends that, on the basis of this testimony, the jury reasonably could have concluded that the deck was completed at the end of 1991, thereby

discovered or in the exercise of reasonable care should have been discovered, *and except that no such action may be brought more than three years from the date of the act or omission complained of . . . .*" (Emphasis added.)

rendering the defendant's statute of limitations defense inapplicable. We agree.

As an initial matter, we set forth the standard of review regarding a court's refusal to direct a verdict or to render judgment notwithstanding the verdict. "[Appellate] review of a trial court's refusal to direct a verdict or to render judgment notwithstanding the verdict takes place within carefully defined parameters. We must consider the evidence, including reasonable inferences which may be drawn therefrom, in the light most favorable to the parties who were successful at trial; *Bleich* v. *Ortiz*, 196 Conn. 498, 501, 493 A.2d 236 (1985); giving particular weight to the concurrence of the judgments of the judge and the jury, who saw the witnesses and heard the testimony . . . . The verdict will be set aside and judgment directed only if we find that the jury could not reasonably and legally have reached their conclusion." (Internal quotation marks omitted.) *Hi-Ho Tower, Inc.* v. *Com-Tronics, Inc.*, 255 Conn. 20, 32, 761 A.2d 1268 (2000).

Viewing the evidence presented in the light most favorable to the plaintiff, we conclude that the jury reasonably could have found that the deck was not completed until the end of 1991. We note that "[i]t is without question that the jury is the ultimate arbiter of fact and credibility. . . . As such, it may believe or disbelieve all or any portion of the testimony offered." (Citation omitted; internal quotation marks omitted.) *State* v. *Bradley*, 60 Conn. App. 534, 544, 760 A.2d 520, cert. denied, 255 Conn. 921, 763 A.2d 1042 (2000). "It is also the absolute right and responsibility of the jury to weigh conflicting evidence . . . ." (Internal quotation marks omitted.) Id., 541. The jury was thus free to disbelieve the defendant's testimony and Ralph Longo's affidavit, which were offered to show that the deck was finished in January, 1991. Acting within the scope of its duty, the jury instead chose to believe Ralph Longo's

testimony that the deck was not completed until the end of 1991. We conclude that the jury reasonably could have concluded as it did, and, therefore, the court properly refused to direct the verdict or to render a judgment notwithstanding the verdict in favor of the defendant on her special defense of the statute of limitations.

## II

The defendant's second claim is that the court improperly refused to instruct the jury on apportionment of liability among settled or released parties pursuant to § 52-572h. In response, the plaintiff argues that the defendant did not properly preserve this claim because, although she provided a written request to charge, the defendant later conceded that apportionment was not an issue prior to the court charging the jury. We agree with the plaintiff.

Before the trial began, the defendant provided a written request to charge in which she addressed the issue of apportionment. The court declined to issue the charge as requested. Prior to the charge, however, the defendant's counsel stated, "Your Honor, there is no charge on apportionment. The jury is not to consider that. That is not an issue." By abandoning her claim, the defendant, in essence, consented to the jury instruction as given. "When the defendant consented to the instruction, [she] waived [her] right to challenge it later on appeal." *State* v. *Ruffin*, 48 Conn. App. 504, 510, 710 A.2d 1381, cert. denied, 245 Conn. 910, 718 A.2d 18 (1998). Accordingly, we decline to review the defendant's claim regarding the trial court's refusal to instruct the jury on the issue of apportionment.

The judgment is affirmed.

In this opinion the other judges concurred.