[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #146, MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT
The defendants Laurie Pagano and Richard E. Godek have moved this Court CT Page 6445 to set aside the verdict and judgment rendered on January 25, 2002, and to render judgment in their favor upon the following grounds:
 1. That the evidence introduced herein is legally insufficient to entitle Plaintiff to recover against either Defendant.
2. That Plaintiff has wholly failed to prove that:
 a. There was any express contract between SNET and either Laurie J. Pagano or Richard E. Godek for phone directory advertising.
 b. There was any implied contract between SNET and either Laurie J. Pagano or Richard E. Godek for phone directory advertising.
 c. There was any expectation that SNET would be paid by Laurie J. Pagano or Richard E. Godek for phone directory advertising.
 d. Laurie J. Pagano or Richard E. Godek accepted the phone directory advertising knowing that SNET expected them to pay for the directory advertising.
 e. A reasonable person in the position of SNET to believe Laurie J. Pagano or Richard E. Godek to pay for the directory advertising.
f. Laurie J. Pagano or Richard E. Godek received something of value.
g. Laurie J. Pagano or Richard E. Godek breached an express contract.
 3. That Plaintiff has failed to prove that it sustained any damages as a result of a breach of an express or implied contract by either of the Defendants.
The Appellate Court of this state has established a standard for the granting a Motion Notwithstanding the Verdict:
 We must consider the evidence, including reasonable inferences which may be drawn therefrom, in the light most favorable to the parties who were successful at trial; Bleich v. Ortiz, 196 Conn. 498, 501, 493 A.2d 236
(1985); giving particular weight to the concurrence of CT Page 6446 the judgments of the judge and the jury, who saw the witnesses and heard the testimony. . . . The verdict will be set aside and judgment directed only if we find that the jury could not reasonably and legally have reached their conclusion." (Internal quotation marks omitted.) Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 32, 761 A.2d 1268 (2000).
 Stuart v. Stuttig, 63 Conn. App. 222, 226 (2001).
After completing its review of the evidence admitted in the trial of this matter. This Court finds that the evidence was legally sufficient to entitle the plaintiff to recover against the defendants.
This Court finds that the evidence in this matter was legally sufficient to support a judgment against the defendants and in favor of the plaintiff, especially when said evidence is view in a light most favorable to the prevailing party; and whereas the Court finds that there was ample evidence for the jury to reasonably and legally come to the conclusion of a verdict in favor of the plaintiff, the Motion Notwithstanding the Verdict is denied.
Richard A. Robinson, J May 15, 2002