# JOSEPH W. CONIGLIO *v.* DAVID A. WHITE
## (AC 21480)

Schaller, Spear and Hennessy, Js.[1]

Argued March 22—officially released September 10, 2002

[1] This appeal was argued before a panel comprised of Judges Schaller, Spear and Hennessy. Although Judge Spear agreed with the other judges regarding the resolution of this appeal, he died before he had the opportunity to concur with the written decision. The parties stipulated, however, that they would not reargue the appeal to this court with a panel consisting of the original two judges and an additional judge. Rather, the parties stipulated that they would permit the remaining two judges alone to render the written decision.

*Nancy Burton*, for the appellant (defendant).

*Joseph M. Brophy*, for the appellee (plaintiff).

*Opinion*

SCHALLER, J. In this civil action based on breach of contract and negligence, the defendant, David A. White, appeals from the judgment, rendered after a jury trial, in favor of the plaintiff, Joseph W. Coniglio. The dispositive issue is whether the trial court improperly denied the defendant's motions for a directed verdict and to set aside the verdict that were based on the defendant's assertion that the court improperly instructed the jury on the applicable statute of limitations. We reverse the judgment of the trial court.[2]

The jury reasonably could have found the following facts. In the spring of 1986, the plaintiff considered purchasing a two acre back lot from Florence Smith. The plaintiff entered into an oral contract with the defendant, a licensed land surveyor. The parties agreed that the defendant would survey the lot for a fee of $1310. On May 27, 1986, the defendant delivered the survey, and the plaintiff paid him the agreed fee. A few months later, the plaintiff asked the defendant to include in the survey a right-of-way granted by Smith.

[2] Because we reverse the judgment on the basis of the jury instruction claim, we need not address the defendant's other claims.

Without additional compensation, the defendant revised the survey to include a right-of-way over Smith's property near the northern boundary. Sometime between 1987 and 1989, the plaintiff installed a driveway on the right-of-way shown on the revised survey. In 1989, without compensation, the defendant performed some additional work, unrelated to the right-of-way, on the survey for the plaintiff.

In 1994, after Smith had died, the purchaser of her homestead on the property had a survey performed, showing that the boundary of the 1986 survey was incorrect and that the right-of-way granted in 1986 by Smith to the plaintiff was located on state of Connecticut forest property. The purchaser notified the plaintiff that the right-of-way was not located on the purchaser's property. The plaintiff contacted the defendant about that assertion. The parties met, and the defendant explained that his survey showed proper boundaries. Thereafter, the defendant provided two additional surveys in 1994 to the plaintiff without compensation. The 1994 surveys showed essentially the same boundaries as the 1986 survey. In 1995, the plaintiff received a letter from the state of Connecticut informing him that its own survey showed that the plaintiff's right-of-way encroached on state property. On July 15, 1996, the plaintiff brought an action against the defendant alleging breach of contract and negligence.

In his complaint, the plaintiff alleged that the defendant (1) breached the oral contract by failing to perform an accurate survey in 1986, 1989 or 1994 and (2) negligently failed to meet the standards to which surveyors are customarily held in the execution of their work, all of which caused harm. In a special defense, the defendant alleged that the statute of limitations barred the plaintiff's claims. The defendant also filed a motion for a directed verdict on the basis of arguments concerning the applicable statute of limitations, continuing duty

and consideration necessary for an enforceable modification of a contract. The court denied the defendant's motion for a directed verdict.

The court instructed the jury that pursuant to General Statutes (Rev. to 1985) § 52-584a, a seven year statute of limitations applied to both the contract and negligence counts.[3] The court also instructed the jury on the elements of a contract, including consideration, but failed to instruct on the consideration required for modification of a contract. Instead, the court instructed on whether the parties had "revised" the agreement. The jury returned a verdict in favor of the plaintiff and awarded damages on the contract count in the amount of $1310 and on the negligence count in the amount of $25,000.

The defendant filed a motion to set aside the verdict, for a new trial and for remittitur. The defendant argued that the court improperly instructed the jury that the seven year statute of limitations applied. He further argued that the court improperly instructed the jury that "[w]hen given the opportunity to correct his findings in 1989 and 1994, he failed to do the same and erroneously reaffirmed the mistaken state of Connecticut boundary line in his survey of 1986." The court denied the defendant's motions. This appeal followed.

The defendant claims that the court improperly denied his motions for a directed verdict and to set

[3] General Statutes (Rev. to 1985) § 52-584a (a) provides in relevant part: "[N]o action or arbitration, whether in contract, in tort, or otherwise, (1) to recover damages (A) for any deficiency in the design, planning, contract administration, supervision, observation of construction or construction of an improvement to real property . . . shall be brought against any architect or professional engineer performing or furnishing the design, planning, supervision or observation of construction or construction of such improvement more than seven years after substantial completion of such improvement." Amendments to that statute between 1985 and 1998 are not pertinent to this appeal. In 1998, § 52-584a was amended to apply to land surveyors. See Public Acts 1998, No. 98-137, § 61, and No. 98-219, § 33.

aside the verdict. His claims rest on his assertion that the court improperly instructed the jury on the applicable statute of limitations. Specifically, the defendant argues that the court improperly instructed the jury that § 52-584a applied to the contract and negligence counts because § 52-584a did not apply to surveyors until October 1, 1998, when the legislature enacted Public Acts 1998, No. 98-137, § 61, and No. 98-219, § 33. The defendant further argues that he was prejudiced by the improper instruction because by instructing on the seven year statute of limitations, the court failed to instruct the jury concerning the correct statutes of limitation and the factual determinations that were relevant to a determination of whether either or both counts were barred.

As an initial matter, we set forth our standard of review. "[Appellate] review of a trial court's refusal to direct a verdict or to render judgment notwithstanding the verdict takes place within carefully defined parameters. We must consider the evidence, including reasonable inferences which may be drawn therefrom, in the light most favorable to the parties who were successful at trial . . . giving particular weight to the concurrence of the judgments of the judge and the jury, who saw the witnesses and heard the testimony . . . . The verdict will be set aside and judgment directed only if we find that the jury could not reasonably and legally have reached their conclusion." (Citation omitted; internal quotation marks omitted.) *Stuart* v. *Stuttig*, 63 Conn. App. 222, 226, 772 A.2d 778 (2001). "A jury's verdict should be set aside only where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles. . . . A verdict should not be set aside where the jury reasonably could have based its verdict on the evidence." (Citation omitted;

internal quotation marks omitted.) *Caron* v. *Adams*, 33 Conn. App. 673, 685, 638 A.2d 1073 (1994).

We also note that in reviewing the defendant's claim that the court improperly denied his motions for a directed verdict and to set aside the verdict, we must address the defendant's underlying assertion that the court improperly instructed the jury on the statute of limitations. We therefore set forth our standard of review for challenges to jury instructions. "[W]e adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . We do not critically dissect the charge in order to discover possible inaccurate statements. . . . Rather, we see if [the jury instructions] gave the jury a reasonably clear comprehension of the issues presented for their determination under the pleadings and upon the evidence and were suited to guide the jury in the determination of those issues. . . . [I]n our task of reviewing jury instructions, we view the instructions as part of the whole trial. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper. Even if instructions are found to be improper, we must further determine whether they have been prejudicial to the claiming party by adversely affecting the trial's outcome." (Citations omitted; internal quotation marks omitted.) *Blanchette* v. *Barrett*, 229 Conn. 256, 280–81, 640 A.2d 74 (1994).

Before October 1, 1998, the professionals listed as being subject to the seven year statute of limitations pursuant to § 52-584a were architects and professional

engineers. See footnote 3. Surveyors were included as named professionals subject to the seven year statute of limitations provided by § 52-584a for survey work performed after October 1, 1998.

We conclude that as a matter of law, the court improperly instructed the jury on the applicable statute of limitations because § 52-584a did not apply to surveyors who performed or furnished surveys before October 1, 1998. All of the surveys provided by the defendant were furnished to the defendant before October 1, 1998. Therefore, as a matter of law, § 52-584a did not apply to either the contract or negligence counts. Our inquiry, however, does not end here. We must further determine whether the court's improper instruction on the applicable statute of limitations prejudiced the defendant by adversely affecting the trial's outcome. See id., 281. We will address the contract and negligence counts separately.

With regard to the contract count, whether the improper instruction was prejudicial depends on whether, given the improper instruction, the jury was prevented from deciding facts that were necessary for it to determine the appropriate statute of limitation to apply and, subsequently, whether the action was barred. Specifically, the jury needed to decide whether the contract was executory or performed to decide whether General Statutes §§ 52-581 or 52-576 applied.[4] Furthermore, in reaching that decision, the jury also needed to consider and decide whether the contract had been modified.

---

[4] General Statutes § 52-581 provides a three year statute of limitations for actions brought on executory oral contracts. *Connecticut Bank & Trust Co., N.A.* v. *Reckert*, 33 Conn. App. 702, 714, 638 A.2d 44 (1994). All other oral contracts, including performed contracts, are governed by a six year statute of limitations provided by General Statutes § 52-576. *Connecticut Bank & Trust Co., N.A.* v. *Reckert*, supra, 714.

In this case, it is plain that the court's instruction did prevent the jury from making those requisite findings. First, the court instructed the jury on the wrong standard to apply. That undoubtedly misled the jury from considering the necessary underlying factual issues regarding the status of the contract because the jury was told what statute of limitations to apply. Moreover, the court failed to instruct the jury on executory and performed contracts, modifications of an unperformed executory contract and the necessity of consideration for enforceable modifications.[5] Without such instructions, the jury could not determine the required underlying issues of fact that were necessary to determine what the appropriate statute of limitations was in this case. Without the correct statute of limitations, the jury could not properly decide if the plaintiff's action was barred. We conclude, therefore, that the court's jury instruction on the statute of limitations was prejudicial to the defendant because the instruction adversely affected the trial's outcome.

We now turn to the negligence count. Whether the improper instruction was prejudicial on the negligence count depends on whether the jury was prevented from finding whether the defendant breached a duty to the plaintiff in 1986, 1989 or 1994, which proximately caused the plaintiff's claimed damages. Such a finding was necessary to determine whether the plaintiff's action was barred by General Statutes § 52-577.[6]

---

[5] We note that there is clear law in that area on which the jury would have required instruction. Specifically, for modifications of a contract to be enforceable, there must be new consideration. *Harris Calorific Sales Co.* v. *Manifold Systems, Inc.*, 18 Conn. App. 559, 564, 559 A.2d 241 (1989). Mutual promises qualify as sufficient consideration for a binding contract; however, for a valid modification, there must be mutual assent to the meaning and conditions of the modification. *Smith & Smith Building Corp.* v. *DeLuca*, 36 Conn. App. 839, 843, 654 A.2d 368 (1995).

[6] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

It is again clear that the court's instruction did prevent the jury from making the necessary findings. The court failed to instruct the jury to determine the date or dates, if any, on which any act of negligence occurred since, of course, the date was not essential under the seven year statute of limitations. Because the jury was not instructed to focus on the operative dates in 1986, 1989 and 1994, we cannot determine whether the jury would have found that the defendant's acts in 1986 and 1989 constituted negligence that was barred by § 52-577 or whether the 1994 acts constituted new acts of negligence that may have proximately caused the plaintiff's damages. See, e.g., *Neiditz* v. *Morton S. Fine & Associates, Inc.*, 199 Conn. 683, 688, 508 A.2d 438 (1986). We conclude, therefore, that the court's jury instruction on the statute of limitations was prejudicial to the defendant because the instruction adversely affected the trial's outcome.

Because we conclude that the court improperly instructed the jury and that the instruction was prejudicial, we further conclude that the court improperly denied the defendant's motion to set aside the verdict.

The judgment is reversed and the case is remanded with direction to grant the defendant's motion to set aside the verdict and for further proceedings in accordance with law.

In this opinion the other judges concurred.