[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT, DATED JUNE 11, 2002
The plaintiffs, John Figlar and John Howell, purchased the property in question on October 7, 1997. The plaintiffs purchased undeveloped land as tenants in common, in Newtown, Connecticut, and planned to construct a single family dwelling for resale. See affidavit of John Howell, September 5, 2002.
The plaintiffs complained that the defendant, Larry Edwards d/b/a Larry Edwards Associates, a land surveyor, was negligent for failing to discover a drainage system/drainage pipe and for failing to depict it on a resubdivision map, Edwards prepared in 1991 for prior owners of the land. The plaintiffs further assert that the omission of the drainage piping from the map caused damages to the plaintiffs since the drainage system allegedly failed and flooding resulted causing damage to the property of the plaintiffs in 1998.
The pleadings are closed. Counsel have agreed at oral argument on December 2, 2002 on defendant's motion for summary judgment that a three year statute of limitations applies to the facts of this case. Section52-584. The court has heard argument and has received the briefs of counsel.
The defendant's motion for summary judgment is granted.
By agreement of counsel, § 52-584 of the Connecticut General Statutes applies. As decided by the recent Appellate Court case ofConiglio v. White, 72 Conn. App. 236 (2002); § 52-584a of the Connecticut General Statutes, the seven year statute of repose does not apply to surveys created before October 1, 1998. It is undisputed that the survey in question was prepared in 1991. Therefore, any act or omission occurred, if at all, in 1991 and there is no seven year repose allowed for a survey done in 1991. CT Page 15527
While it is not necessary to articulate further reasons for granting the defendant's motion, the court also finds as a matter of law, that there was no foreseeable duty to the plaintiffs, and also finds that there was no causal connection between the harm claimed and the conduct alleged.
 ___________________ John R. Downey, Judge
CT Page 15528